# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.D. and K.D.**

**No. 18-0175** (Monongalia County 17-JA-165 and 166)

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.D., by counsel Maria A. Borror, appeals the Circuit Court of Monongalia County's January 30, 2018, order terminating his parental rights to A.D. and K.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), DeAndra Burton, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that (1) the DHHR violated his due process rights by filing an untimely petition; (2) the circuit court abused its discretion in denying his motion for an improvement period; and (3) the circuit court erred in terminating his parental rights because it was unnecessary to achieve permanency for the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR and the mother of the children jointly filed a petition alleging that petitioner sexually abused the children. Specifically, the parties alleged that petitioner was convicted of four counts of first-degree sexual assault and two counts of sexual abuse by a parent with the children named as the victims. Further, the parties alleged that, as a result of his convictions, petitioner was sentenced to fifty to two hundred years of incarceration.[2]

Later that month, the circuit court held an adjudicatory hearing at which petitioner appeared by counsel but not in person. The circuit court took judicial notice of petitioner's convictions and found that they were sufficient to adjudicate petitioner as an abusing parent.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner remained incarcerated throughout these proceedings.

The circuit court held a dispositional hearing in January of 2018; petitioner attended by video conference and by counsel. During the hearing, the DHHR and the guardian supported terminating petitioner's parental rights and petitioner moved for a post-adjudicatory improvement period. Petitioner and his counsel spoke in support of his motion for an improvement period. Further, petitioner's counsel argued that the delay in filing the petition until after petitioner was convicted limited his defenses and resulted in irreparable harm. Ultimately, the circuit court concluded that the delay in filing did not limit the DHHR's pursuit of adjudicatory and dispositional hearings. Further, the circuit court found that petitioner's conviction of sexual crimes against the minor children and the length of petitioner's sentence supported the termination of his parental rights. Accordingly, the circuit court terminated petitioner's parental rights in its January 30, 2018 order.[3] Petitioner now appeals that order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the DHHR violated his due process rights by failing to file a timely petition. Petitioner asserts that Rule 5 of the Rules of Procedure for Child Abuse and Neglect Proceedings demands that abuse and neglect proceedings not be delayed. He contends that by filing an abuse and neglect petition after petitioner's criminal trial, the DHHR delayed the civil proceeding and prejudiced petitioner. Petitioner asserts that if the two proceedings were pursued contemporaneously, his "legal objectives and strategies and the counsel of his civil attorney would have provided adequate protection of his parental rights." Finally, petitioner alleges that he was denied his opportunity to admit his wrongdoing because the circuit court adjudicated him as an abusing parent on the basis of his guilty verdicts. We find petitioner's argument unpersuasive.

Rule 5 of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a civil child abuse and neglect proceeding be delayed pending

---

[3]The mother was a co-petitioner and her parental rights remain intact. According to the parties, the permanency plan of the children is continuation in their mother's custody.

the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." This rule requires that there be no unnecessary delay in abuse and neglect proceedings once initiated. The rule does not specify when an abuse and neglect petition must begin or limit the timeframe in which petitions must be filed. Further, petitioner fails to cite any authority applying Rule 5 in that manner. Finally, we note that petitioner ignores West Virginia Code § 49-4-609, which clearly contemplates adjudication after a criminal conviction, as follows:

> [i]n any case where a person is convicted of an offense against a child described in . . . articles eight-b or eight-d of [chapter sixty-one] and the person has custodial, visitation or other parental rights to the child who is the victim of the offense or to any child who resides in the same household as the victim, the court shall, at the time of sentencing, find that the person is an abusing parent within the meaning of this chapter as to the child victim, and may find that the person is an abusing parent as to any child who resides in the same household as the victim, and the court shall take further step as are required by this article.

Petitioner was convicted of two counts of sexual abuse by a parent, a crime contained in West Virginia Code § 61-8D-5. Therefore, § 49-4-609 required the circuit court to adjudicate petitioner as an abusing parent.[4]

Additionally, we find that petitioner was not prejudiced and was afforded adequate protection of his parental rights. Petitioner was represented by counsel and permitted to advocate on his own behalf during both the adjudicatory hearing and the dispositional hearing. On appeal, petitioner asserts that he desired an opportunity to acknowledge his wrongdoing and address the issues with his parenting. However, it is clear from the record that petitioner addressed the circuit court during the dispositional hearing and, therefore, was given such an opportunity. Accordingly, we find petitioner is entitled to no relief.

Second, petitioner argues that the circuit court abused its discretion by denying his motion for a post-adjudicatory improvement period. Petitioner acknowledges that granting an improvement period is within a circuit court's discretion and that parents can render such an improvement period an exercise in futility when they refuse to acknowledge the conditions of abuse. Nevertheless, petitioner asserts that the circuit court abused its discretion by failing to consider the potential benefit to both petitioner and the children if he were permitted an improvement period. We find no error below.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence,

---

[4]It is unclear from the record provided whether petitioner was adjudicated as an abusing parent at the time of sentencing. However, any possible error is remedied by petitioner's adjudication in this proceeding.

that the [parent] is likely to fully participate in the improvement period. . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

The circuit court did not abuse its discretion in denying petitioner's motion for an improvement period because petitioner failed to acknowledge the conditions of abuse. The record provided on appeal is clear that petitioner never acknowledged the sexual abuse he perpetrated on his children.

> In order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.*, 215 W.Va. at 217, 599 S.E.2d at 640). Without an acknowledgement, the conditions of abuse and neglect are untreatable. Petitioner was granted an opportunity to acknowledge his acts during the dispositional hearing without the threat of any impending criminal prosecution; yet, petitioner did not admit the acts of which he was convicted. Consistent with our prior holdings, petitioner's failure to acknowledge the abuse would render an improvement period an exercise in futility. Therefore, we find the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period.

Finally, petitioner argues that the circuit court erred in terminating his parental rights because it was unnecessary to achieve permanency for the children. Petitioner acknowledges that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Further, West Virginia Code § 49-4-604(5) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] sexually abused or sexually exploited the [children], and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to . . . assist the abusing parent[.]" The circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected due to petitioner's sexual abuse of the children and his incarceration. Accordingly, we find the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 30, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 15, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating